IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT ESENWEIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 4:17cv3790 |
| VS. | § | |
| | § | |
| CARDNO, INC., | § | Jury Trial Demanded |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Robert Esenwein files this Complaint against Defendant Cardno, Inc.

### Parties

1. Plaintiff Robert Esenwein is an individual residing in Harris County, Texas.

2. Defendant Cardno, Inc. ("Cardno") is a Delaware corporation with its principal place of business in Lone Tree, Colorado. Cardno may be served with process through its registered agent, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

### Jurisdiction and Venue

3. The Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

4. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District.

### Claim for Relief

5. Mr. Esenwein went to work for Cardno in March 2014 as a vice president in Houston. He reported to Chad Martin in Austin. Over the course of his employment, Mr. Esenwein successfully managed Cardno's Houston operation, even though he had limited staff

1

available. In late 2015, Mr. Esenwein received a promotion and a raise in recognition of his accomplishments for Cardno. As of December 2015, Mr. Esenwein had received only praise for his work and was never disciplined or reprimanded.

6. However, on December 21, 2015, Martin instructed Mr. Esenwein to commit fraud. Specifically, Martin instructed Mr. Esenwein to represent to a customer (Conroe Independent School District) that (a) Cardno and a third party service provider (InSite) had a longstanding relationship, and (b) the third party service provider produced good quality work. In fact, Cardno had never worked with the third party service provider, and Mr. Esenwein could not vouch for its services. Nonetheless, Martin instructed Mr. Esenwein to lie to Conroe ISD to induce it to do business with the third party service provider, with the expectation that that third party service provider would direct work to Cardno in the future.

7. Mr. Esenwein refused to lie to Conroe ISD and reported the scheme to the general counsel of Cardno. Martin then became hostile and confrontational toward Mr. Esenwein. Inevitably, this led to retaliation against Mr. Esenwein.

8. Three weeks later, on January 14, 2016, Mr. Esenwein met with Martin and his boss, Mike Rudd. Rudd brushed off the fraud as a "white lie" that was similar to lying on a resume. During the meeting, Martin was openly hostile to Mr. Esenwein, while Rudd suggested that he was expecting Mr. Esenwein to leave the company.

9. After another three weeks, on February 9, 2016, Rudd terminated Mr. Esenwein for "creating a hostile work environment." This was bogus and a subterfuge. Among other things, this is shown by the dearth of factual support for this excuse, by the fact that Cardno followed none of the usual procedures for employee discipline in cases involving bona fide rule violations, and by the temporal proximity between the December and January incidents and the termination.

10. Cardno fired Mr. Esenwein solely because he refused to commit an illegal act, namely fraud against Conroe ISD. This violated the rule of law established in *Sabine Pilot Serv. v. Hauck*, 687 S.W.2d 733 (Tex. 1985).

11  All conditions precedent have occurred or been performed.

12. Cardno is therefore liable to Mr. Esenwein for back pay, reinstatement or alternatively front pay, compensatory damages including emotion distress and punitive damages, pre- and post-judgment interest as permitted by law, and all costs of court.

For the foregoing reasons, Cardno should be cited to appear and answer and, upon final hearing, the Court should enter judgment in favor of Mr. Esenwein and against Cardno for back pay, reinstatement or alternatively front pay, compensatory damages including emotion distress and punitive damages, pre- and post-judgment interest as permitted by law, all costs of court, and any other relief to which Mr. Esenwein may be entitled.

Respectfully submitted,

/s/ David C. Holmes
David C. Holmes, Attorney in Charge
State Bar No. 09907150
Southern District No. 5494
13201 Northwest Freeway, Suite 800
Houston, Texas 77040
Telephone: 713-586-8862
Fax: 713-586-8863
dholmes282@aol.com

ATTORNEY FOR PLAINTIFF